**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-1568**

———————————

In Re:  KOLON INDUSTRIES INCORPORATED,

Petitioner.

———————————

On Petition for Writ of Mandamus.  (3:09-cv-00058-REP)

———————————

**No. 11-1570**

———————————

E. I. DUPONT DE NEMOURS & COMPANY,

Plaintiff – Appellee,

v.

KOLON INDUSTRIES INCORPORATED,

Defendant – Appellant,

and

KOLON USA INCORPORATED,

Defendant,

and

ARAMID FIBER SYSTEMS LLC,

Third Party Defendant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cv-00058-REP)

---

Argued:  January 24, 2012                    Decided:  May 2, 2012

---

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

---

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion, in which Judge Davis and Judge Diaz joined.

---

**ARGUED:** Stephen Blake Kinnaird, PAUL HASTINGS LLP, Washington, D.C., for Kolon Industries Incorporated.  Clifton Scott Elgarten, CROWELL & MORING, LLP, Washington, D.C., for E.I. du Pont de Nemours & Company.  **ON BRIEF:** Jeffrey G. Randall, Igor V. Timofeyev, PAUL HASTINGS LLP, Washington, D.C., for Kolon Industries Incorporated.  Michael J. Songer, Stephen M. Byers, CROWELL & MORING, LLP, Washington, D.C.; Brian C. Riopelle, Rodney A. Satterwhite, Thomas M. Beshere, MCGUIREWOODS LLP, Richmond, Virginia, for E.I. du Pont de Nemours & Company.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Kolon Industries ("Kolon") appeals from the modification of a protective order in a civil action brought against it by E.I. Dupont De Nemours & Co. ("DuPont") for trade secret misappropriation. In an effort to respond to related proceedings brought by South Korean governmental agencies, DuPont sought a modification of a previously entered protective order in this action. The district court granted the modification and exempted the following from the protective order's scope:

> (i) a party's own documents provided to the Korean federal prosecutor or Korean Federal Trade Commission ("KFTC"); (ii) documents requested by the Korean federal prosecutor or KFTC; (iii) deposition testimony of any witness in this case provided to the Korean federal prosecutor or KFTC; or (iv) documents that a party provides to the Korean federal prosecutor or KFTC to address allegations against that party.

J.A. 501-502.

Kolon now appeals the district court's entry of this modified protective order. Before addressing Kolon's challenge, we must decide whether we have jurisdiction to hear this appeal. We have jurisdiction to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "Consequently, appellate review will generally be limited to those decisions which end the litigation on the merits and leave nothing for the court to do but execute the judgment." MDK,

3

Inc. v. Mike's Train House, Inc., 27 F.3d 116, 119 (4th Cir. 1994)(internal citations and citation marks omitted). While "[d]iscovery orders generally do not meet this requirement," the collateral order doctrine provides an exception to this rule. Id. It recognizes that "final decisions . . . also include a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." Mohawk Indus., Inc. v. Carpenter, 130 S.Ct. 599, 603 (2009) (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949)). We have articulated the standard for application of the collateral order doctrine as follows:

> In this circuit, an order will fall within this limited exception only if the order [1] conclusively determines the question in the trial court, [2] resolves an important question independent of the subject matter of the litigation, [3] is effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment, and [4] presents a serious and unsettled question upon appeal.

MDK, 27 F.3d at 120. (internal citations and citation marks omitted).

On appeal, the parties do not dispute that the modification order satisfies the first, second, and fourth prong of our collateral order doctrine. Therefore, the only question is whether the modification order fulfills the third prong. In analyzing this prong, "[t]he crucial question, however, is not whether an interest is important in the abstract; it is whether

4

deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." Mohawk, 130 S.Ct. at 606.

In Mohawk, the Court recognized two avenues in which discovery disputes can be addressed in the normal course of litigation. A party can "defy a disclosure order and incur court-imposed sanctions." Id. at 608. Alternatively, "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial." Id. at 606-607.

However, neither of these approaches is effective in this case. First, the modified protective order does not compel Kolon to do anything; it merely allows DuPont to disclose documents it already possesses. Thus, Kolon itself cannot force reviewable sanctions by its own actions. Second, the normal course of appellate review cannot remedy the harm that could befall a party with the release of privileged documents which could lead to possible criminal investigation and prosecution by a foreign government.

Therefore, we find that when privileged documents are released to a foreign government in these circumstances, deferring review imperils the interest of justice because no other mechanism exists to sufficiently protect the litigants'

5

rights.   In short, the district court's order is effectively unreviewable and, thus, we have jurisdiction to review it pursuant to the collateral order doctrine.   See Cohen, 337 U.S. at 546 (finding a collateral order appealable when the "claims of right separable from, and collateral to, rights asserted in the action, [are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

Having concluded that we have jurisdiction, we now turn to Kolon's substantive challenge to the district court's modification order.   Federal Rule of Civil Procedure 26(c)(1) permits a district court to enter a protective order "for good cause."   A district court has inherent "discretionary authority to modify [a protective order] for what it deems good cause shown."   United States v. (Under Seal), 794 F.2d 920, 928 n.6 (4th Cir. 1986).   We review the exercise of such authority for an abuse of discretion.   See Pittston Co. v. United States, 368 F.3d 385, 406 (4th Cir. 2004).

In the present case, Kolon and DuPont voluntarily entered into an agreed protective order.   Later, upon DuPont's motion, the district court conducted a thorough analysis of the facts and the changed situation between DuPont and Kolon.   The court decided to modify the protective order so as to "level the playing field and enable full fair and efficient consideration

6

of issues pertinent to the [Korean] investigations." J.A. 497. After reviewing the district court's analysis, we find that the court did not abuse its discretion in finding good cause to modify the protective order. See, Gambale v. Deutsche Bank AG, 377 F.3d 133, 141 (2nd Cir. 2004) ("[A] protective order . . . is always subject to the inherent power of the district court . . . This retained power in the court to alter its own ongoing directives provides a safety valve for . . . changed circumstances[.]"). Thus, we affirm the district court's order.[*]

AFFIRMED

---

[*] Kolon also filed a petition for a writ of mandamus. Because we have granted appellate review in this matter, we deny that petition.